IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTH DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 11-80942-CV — KAM

AMERICAN SOUTHERN
INSURANCE COMPANY,

    Plaintiff,

vs.

JARDAY TRANSPORTATION OF
SOUTH FLORIDA CORP.
JESSE RUBIN and BONNIE RUBIN,

    Defendants.
_____/

FILED by _____ D.C.
SEP 21 2011
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## RESPONSE TO COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW, JESSE RUBIN**, appearing pro se and states as follows:

### AS TO UNDERLYING CLAIM

1. On June 18, 2011, I drove a Jarday Transportation of South Florida Corp vehicle to Campagnolo Restaurant located at 8288 Glades Road, Boca Raton, Florida to meet my parents for Father's Day on my way to going on a business call for transportation pick up.

2. I did not go there to meet my wife, Bonnie Rubin.

3. I further state that at that time I had no knowledge that she was at the Restaurant.

4. Months prior to this particular date Bonnie Rubin had already filed a Petition for Dissolution of Marriage Palm Beach County Circuit Case No. 502011DR004314XXXXSB.

5. At this point in time we were living separately as well as had minimal telephone

contact with each other, if any.

6. While I was out in the parking lot an argument ensued between myself and Bonnie Rubin.

7. While operating the vehicle to leave the restaurant location Bonnie Rubin made contact with the vehicle.

8. I did not intentionally mean to touch or strike or cause any bodily injury or harm to Bonnie Rubin or any other person.

9. To the best of my knowledge Bonnie Rubin had sustained injuries from the contact with the vehicle.

10. I was arrested that evening for domestic battery under Florida Statute 784.03 and since then the charges have been dropped and "nolle prossed" on July 29, 2011 by the State Attorney's office. A copy is attached as Exhibit "A".

## AS TO EXPECTED AND INTENDED INJURY EXCLUSION

11. I have not been convicted of intentionally touching or striking another person and/or intentionally causing bodily harm to another person. I was arrested that evening for domestic battery under Florida Statute 784.03 and the charges have been dropped and "nolle prossed" on July 29, 2011 by the State Attorney's office.

**WHEREFORE,** Defendant, JESSE RUBIN, respectfully requests this Honorable Court to

a. Declare that Bonnie Rubin is entitled to any PIP benefits under commercial automobile liability policy BA 723990.

b. That the Court declare that ASIC is obligated to pay any sums on behalf of Jarday

or Jesse Rubin for any injuries or damages sustained by Bonnie Rubin arising out of the June 18, 2011 incident;

    c.    That the Court not hold Jesse Rubin liable for costs associated to this incident since it was an unfortunate unintentional accident that occurred on that date.

    d.    That the Court award fuch further relief as may be deemed appropriate.

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

Signed ___9/20___, 2011.

JESSE RUBIN, pro se
23041 Floralwood Lane
Boca Raton, FL 33433
(561) 358-9907

## CERTIFICATION

I certify that a copy has been mailed to Dale Hightower, Esq., Hightower & Partners 330 Clematis Street, Suite 201, West Palm Beach, FL 33401 by U.S. Mail on ___9/20___, 2011.

JESSE RUBIN, pro se